UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UTKARSHKUMAR UMAR TRIVEDI, | Case No.  1:26-cv-0041-DC-JDP |
| Petitioner, | |
| v. | ORDER |
| CHRISTOPHER CHESTNUT, *et al.*, | |
| Respondents. | |

Petitioner, immigration detainee represented by counsel, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  ECF No. 1.  Under Rule 4 of the Rules Governing Section 2254 Cases, I must examine the habeas corpus petition and order a response to the

---

[1] On January 8, 2026, I granted petitioner's motion to appoint counsel and ordered that within seven days of counsel appearing, the parties file both a joint status report addressing any motions that the parties anticipate filing and a proposed briefing schedule for such motions.  ECF No. 5 at 2.  Petitioner's counsel appeared on January 14, ECF No. 6, and the government filed its notice of appearance on January 27, 2026, ECF No. 8.  On February 18, 2026, petitioner filed a status report indicating that his attorney has been attempting to contact petitioner's former criminal attorney since January 28, 2026, seeking information surrounding petitioner's plea.  ECF No. 10.  Nearly a month has passed since petitioner's current counsel initiated efforts to contact petitioner's former criminal counsel, and the court sees no further need to delay these proceedings.  Accordingly, the court issues this order directing the parties to brief the underlying petition.

1

petition unless it "plainly appears" that the petitioner is not entitled to relief.[2]  It does not plainly appear that petitioner is not entitled to relief.  Therefore, I order the government to respond to the petition, and I set a briefing schedule.

Accordingly, it is hereby ORDERED that:

1.  The Clerk of the Court shall serve a copy of this order together with a copy of petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the United States Attorney.

2.  Within seven days of the date of service of this order, respondents must file a response to the petition.

3.  A response may be one of the following:

A.      An answer addressing the merits of the petition.  Any argument by respondents that petitioner has procedurally defaulted a claim must be raised in the answer, which must also address the merits of petitioner's claims.

B.      A motion to dismiss the petition.

4.  Within seven days of the date of service of this order, respondents must file any documents necessary for resolving the issues presented in the petition.

5.  If respondents file an answer to the petition, petitioner may file a traverse within seven days of the date of service of respondents' answer.  If no traverse is filed within seven days, the petition and answer are deemed submitted.

6.  If respondents move to dismiss, petitioner must file an opposition or statement of non-opposition within seven days of the date of service of respondents' motion.  Any reply to an opposition to the motion to dismiss must be filed within seven days after the opposition is served.  The motion to dismiss will be considered submitted twenty-one days after the service of the motion or when the reply is filed, whichever comes first.  *See* Local Rule 230(l).

7.  Pending the court's ruling on this petition, respondents shall not take any action to transfer petitioner out of this District.  *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 608 (1966)

---

[2] This rule may be applied to petitions brought under § 2241.  *See* Rule 1(b) of the Rules Governing § 2254 Cases.

(acknowledging the court's "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

IT IS SO ORDERED.


Dated:    February 25, 2026

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3